**Joseph McNALLY, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 78 C 443 (ERN).**

United States District Court,
E. D. New York.

Dec. 14, 1981.

---

McLaughlin, McLaughlin & Neimark, Brooklyn, N.Y., for plaintiff; Harold J. McLaughlin, Brooklyn, N.Y., of counsel.

Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N.Y., by Abraham Y. Skoff, Asst. U. S. Atty., Brooklyn, N.Y. (Borge Varmer, Regional Atty., Dept. of Health & Human Services, New York City, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of Social Security disability insurance benefits to plaintiff was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties and report to the Court his recommended disposition of the Secretary's motion for judgment dismissing the action. The matter is now before the Court on the Magistrate's recommendation that the case be remanded to the Secretary either for an award of benefits to plaintiff or the development of additional proof, since, in the Magistrate's view, the administrative determination is not supported by substantial evidence.

After an independent searching review of the record, the briefs of the parties and the Secretary's objections to the Magistrate's recommendation, the Court is of opinion that the Secretary's determination adequately took into account all essential matters submitted by plaintiff, is supported by substantial evidence and should be affirmed.

Plaintiff, approaching 41 years of age at the time of his hearing before the administrative law judge (ALJ) on August 23, 1977, is a former New York City fireman, who had been retired for service-incurred disability effective October 29, 1976. Tr. 141–42.[1] He was on active duty as a fireman from June 1962 until March 1976, when he took sick leave because of pain and swelling in his knees. This condition grew out of an accident on fire duty in October 1974, when he fell 10 feet down an incline and landed on his knees upon a boulder. Tr. 113, 118. In March 1976, again on fire duty, he had another twisting leg injury, resulting in pain and swelling of his left knee which occasioned his sick leave. In June or July 1976 he was assigned to "light duty" at a divisional headquarters, but had very little to do.

Since his retirement in 1976, plaintiff has not attempted to find employment because activity results in painful swelling of his knees. He admitted that for five years after his retirement, he would not be permitted to earn more than the difference between his pension (75% of $19,780) and a fireman's current salary. Tr. 47. It also appears that if he had worked, he would be subject to being re-examined for recall to restricted duty. Id.

As noted in the Magistrate's report, plaintiff's knees were examined prior to his retirement by three orthopedic specialists and a radiologist, who performed an arthrogram on plaintiff's left knee and concluded that he was suffering from a Baker's cyst.[2] Tr. 110. None of them found any fracture or other bony abnormality, any ligamentous instability or joint effusion. Tr. 110–13. In addition to the Baker's cyst finding, plaintiff was variously diagnosed as having "traumatic synovitis," "tendinitis," and "possible traumatic arthritis." Tr. 109, 111. Two of the specialists, Drs. Koven and Nicoll, concluded that plaintiff was disabled and not fit for duty, meaning, of course, as a fireman.

Following his retirement, plaintiff was reexamined on January 28, 1977 by Dr. Nicoll because of complaints of pain in the left knee. The examination revealed no ligament instability or effusion, and a "pretty good" range of motion. The doctor concluded, however, that plaintiff was dis-

---

1. References are to the administrative record.

2. Dorland's Medical Dictionary, 24th Ed. 1965, defines this condition as "a swelling, behind the knee, caused by escape of synovial fluid which has become enclosed in a sac of membrane . . ." Id. at 376.

abled "at least for the time being." Tr. 115.

On March 21, 1977, Dr. Nicoll referred plaintiff to Dr. Albert Accettola, an orthopedic specialist, for examination. Dr. Accettola observed that plaintiff "walks erect with no evidence of limp or list"; that "[a]ll motions of both knee joints were carried out fully with no pain at the extremes of motion"; and that the arthrogram and x-rays "showed no evidence of osseous pathology." Tr. 118. In the doctor's opinion, plaintiff had "chondromalacia of the patella," defined in Dorland, supra, as "preternatural softness of the cartilages." Plaintiff was prescribed aspirin for his condition since operative procedure to repair it was relatively poor. Tr. 118–19. In view of plaintiff's inability to decide "what he should do in terms of work," Dr. Accettola recommended that he "seek training or go to work in some form of sedentary endeavor." Id.

There is no question that the medical evidence before the Secretary demonstrated that plaintiff could not return to his former occupation as an active fireman, which would have required him to clamber up and down ladders and perform other strenuous tasks that firemen do. None of that evidence indicated, however, that plaintiff's disability was so severe as to prevent him from engaging in other work in the national economy. Indeed, Dr. Accettola's report quite clearly indicated that plaintiff should seek work in a "sedentary" endeavor—one that would not place strenuous demands upon his knees. Recognizing that, the ALJ complied faithfully with the rule of Parker v. Harris, 626 F.2d 225 (2d Cir. 1980), by devoting a substantial portion of the hearing to testimony by a qualified vocational expert who described numerous types of light or sedentary work which were compatible with plaintiff's residual functional capacity, high school education and work experience before he became a fireman. These included assembler, inspector and packager of small electronic and electrical parts, toys, pharmaceuticals, small hand tools, optical goods, and automobile accessories. Also noted were jobs as a credit clerk in department stores, banks or insurance companies, operator of duplicating machines, cashier jobs in restaurants or theatres, and the like.

In sum, this is not a case where a "treating physician" has voiced an opinion of disability from any further work, as in Parker, supra, which is binding in the absence of a contrary opinion of equal weight. Assuming Dr. Koven was treating plaintiff prior to his retirement, his opinion as to disability must be limited to plaintiff's ability to resume duty as a fireman. The same is true of Dr. Nicoll, who saw plaintiff on three or four occasions and concluded he was disabled "at least for the time being." Tr. 115. But the Secretary was entitled to consider also Dr. Accettola's recommendation that plaintiff seek work of a sedentary nature, clearly indicating his physical fitness for the kinds of work described by the vocational expert.

Accordingly, the Secretary's determination is affirmed and summary judgment in his favor dismissing the complaint is granted.

SO ORDERED.

